No. 484

HOWLE v. FRY

Ohio Appeals, 8th Dist., Cuyahoga County
No. 5036. Decided May 9, 1924

923. PLEADINGS—If petition sets forth a cause of action, a judgment thereon will be sustained, although the theory of the action is mistaken by the pleader.

VICKERY, P. J.
Epitomized Opinion
Published Only in Ohio Law Abstract

Original action for damages in the Municipal Court of Cleveland wherein Wendel J. Fry was plaintiff and Florence A. Howle was defendant. Fry purchased from Howle the lease of a rooming house, together with the furnishings and good will. Immediately after the sale, Howle approached a number of roomers and urged them to leave, telling them all kinds of evil rumors about Fry; that the woman Fry lived with was neither his wife nor his sister, and that he would keep a bad house. As a result, when Fry took possession there were only two roomers left and the good will of the place was destroyed. The action was for slander and contained four causes of action. In the Municipal Court, judgment was rendered for Fry for $1,800. Howle prosecuted error. Held by the Court of Appeals:

All of the causes of action might well have been condensed into one. While the action was in slander, it does not contain averments sufficient to make out an action in slander, but it does state facts which show that Howle's conduct destroyed the good will of the business, which was a thing of value, and that Fry

was damaged thereby. There is no error of substantial merit and the judgment is affirmed.

Attorneys—John A. Eldon, for Howle; Gilbert Morgan, for Fry; all of Cleveland.

---

No. 485

HALBMAN v. STATE

Ohio Appeals, 4th Dist., Wood County
No. 307. Decided June 2, 1924

480. EVIDENCE—Sec. 12694 GC. does not require authentication of certificate to practice medicine, to make it admissible.

CHITTENDEN, J.
Epitomized Opinion
Published Only in Ohio Law Abstract

Halbman was convicted before a Justice of the Peace of practicing medicine without having obtained a license to do so. The justice imposed a fine of $50.00 and costs. Error was prosecuted to Common Pleas, which court reversed the judgment and remanded the case for a new trial. Thereupon, error was prosecuted to this court. He insisted that he was entitled to final judgment, as the record failed to disclose any evidence tending to prove that he did not have a certificate to practice medicine. The bill of exceptions contained as an exhibit offered and received in evidence a certificate of the Secretary of State Medical Board, reciting that Halbman had no certificate to practice medicine.

It is contended that the exhibit is not authenticated in such manner as to make it competent in evidence, as there is no evidence disclosing who is in fact the Secretary of the Board and no evidence that the signature is genuine. The Court of Appeals, affirming the judgment of the Justice of the Peace, held:

That paragraph 12694 GC. makes no provision for any authentication of the certificate other than the signature of the Secretary and affixing of the official seal of the Board and that the certificate was properly admitted in evidence.

Attorneys—Charles P. Carroll, for Halbman; Ray D. Avery, Pros. Atty., for State; all of Bowling Green.